### JOHN J. McNULTY *vs.* JOHN J. POWER.

Worcester.     October 5, 1909. — October 19, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability. *Evidence,* Materiality, Opinion: experts.

In an action by a carpenter for personal injuries sustained while in the employ of the defendant, if it appears that the plaintiff and a fellow workman, both experienced carpenters with a thorough knowledge of the various kinds of wood ordinarily used in building, were engaged in building a small wooden structure for the defendant, who had furnished to them the exact number of native white pine boards required for finishing the structure, that, during a temporary absence of the plaintiff, his fellow workman, in doing his work in his own way, used one of these boards for a corner board and nailed it in such a manner that it projected somewhat above the body of the building, and that the plaintiff, on returning, took hold of the top of this board to support himself by it in doing his work, when it broke by reason of a knot, and the plaintiff was injured, he cannot recover, the negligence, if any, having been that of his fellow workman in using a knotty board which was likely to break when, from aught that appears, he might have found a safe one.

In an action by a carpenter against his employer, for personal injuries sustained while the plaintiff and a fellow workman, both experienced carpenters with a thorough knowledge of the various kinds of wood ordinarily used in building, were engaged in finishing a small wooden structure with native white pine boards furnished by the defendant, from the breaking of the top of one of these boards by reason of a knot, it is proper for the presiding judge, on objection by the defendant, to exclude the question, put by the plaintiff to his fellow workman, whether boards of that character ordinarily are used for finishing, this being immaterial, as the nature of native white pine wood was within the knowledge of the plaintiff and the particular quality of that furnished by the defendant was before his eyes.

In an action by a carpenter against his employer, for personal injuries sustained while the plaintiff and a fellow workman, both experienced carpenters, were engaged in finishing a small wooden structure with white pine boards furnished by the defendant, from the breaking of the top of one of these boards by reason of a knot when the plaintiff took hold of it to support himself by it in doing his work, it is proper for the presiding judge, on objection by the defendant, to

exclude the question, put by the plaintiff to an expert, whether it was necessary for the plaintiff in doing his work to take hold of the board in the manner in which he did, this being a matter to be determined by the jury in the light of common sense after all the attendant conditions have been described to them.

TORT for personal injuries sustained by the plaintiff, while in the employ of the defendant as a carpenter, from the breaking of a corner board alleged to have been in a dangerous and defective condition.    Writ dated February 15, 1908.

In the Superior Court the case was tried before *Bishop*, J. The facts shown by the evidence are stated in the opinion.    One Picard was the other carpenter referred to in the opinion, who was working with the plaintiff as a fellow employee at the time of the accident.    Picard testified that he had worked as a carpenter for twenty-five years.    Having testified that the corner board that broke was of pine, which was shown by his other testimony to mean native white pine, he was asked by the plaintiff whether " boards of that character were ordinarily used for finish."    Upon objection by the defendant, this question was excluded.    The plaintiff also asked this witness the question, " Was it necessary for Mr. McNulty [the plaintiff] to catch hold of the board in the manner in which he did in order to nail that piece of studding on the roof ? "    Upon objection by the defendant, the judge also excluded this question.

At the close of the plaintiff's evidence, the judge ruled that the plaintiff was not entitled to recover, and ordered a verdict for the defendant.    The plaintiff alleged exceptions.

*D. I. Walsh*, for the plaintiff.

*C. C. Milton*, for the defendant.

RUGG, J.    The plaintiff and one fellow workman, both experienced carpenters, with thorough knowledge of the qualities of various kinds of wood ordinarily used in building, were constructing a small one story wooden structure.    The employer, the defendant, furnished a number of native pine boards exactly sufficient for finishing.    During the plaintiff's temporary absence, his fellow employee, doing his work in his own way, used one of these boards for a corner board.    It projected somewhat above the body of the building and broke by reason of a knot, while the plaintiff was supporting himself upon it in doing his work.    If there was any negligence, it was that of his fellow

servant in using for this place a knotty board of such character that it was likely to break. There is nothing to show that he might not have found a safe one, even though the total number supplied did not exceed the needs of construction. Upon familiar principles the plaintiff cannot recover under these circumstances.

There was no error in the exclusion of evidence. The nature of native white pine wood was within the knowledge of the plaintiff, and the particular quality of that used on this building was before his eyes. Therefore, whether it was commonly used for finish was of no consequence. It was being so used in fact, and the plaintiff who had himself been a contracting builder made no objection to or criticism of it for this purpose. Whether it was necessary for the plaintiff to take hold of the board in doing his work was for the jury to determine as a matter of common sense, after all the attendant conditions were described to them. It was a subject as to which opinion testimony might properly be excluded.

*Exceptions overruled.*